**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RUBEN SALINAS-GONZALEZ,

Plaintiff,

v. Case No. 8:26-cv-2784-TPB-CPT

SECRETARY OF HOMELAND SECURITY, et al.,

Defendants.
______________________________________/

**ORDER TRANSFERRING CASE**

This matter is before the Court *sua sponte* on Ruben Salinas-Gonzalez's "Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," filed on September 20, 2026. (Doc. 1). On September 28, 2026, Petitioner filed a notice pursuant to the Court's Order identifying the current place of confinement and providing other requested information. (Doc. 6). After reviewing the petition, notice, court file, and record, the Court finds as follows:

**Background**

This case arises from Petitioner Ruben Salinas-Gonzalez's detention by federal immigration authorities. According to the petition, Petitioner is a Mexican national who entered the United States as a minor in 2014 without inspection or contact with immigration authorities. He fled to the United States after his father was killed by a drug cartel and his family was threatened. Petitioner's defense to removal is his asylum claim based on this persecution.

On September 14, 2026, Petitioner was arrested following a traffic stop involving the placement of his work truck's license plate on the side of the vehicle rather than the rear. Local police contacted United States Immigration and Customs Enforcement ("ICE") after Petitioner was unable to produce a valid driver license and instead produced his Mexican passport. Petitioner was initially held in a temporary processing cell in the Tampa ERO field office.

On September 20, 2026, Petitioner filed his petition for writ of habeas corpus, along with an emergency motion seeking a temporary restraining order prohibiting Respondents from transferring him outside the Middle District of Florida or, alternatively, outside the Eleventh Circuit. Petitioner challenges his present immigration detention and seeks, among other relief, immediate release or an individualized bond hearing.

Because the petition and accompanying filings did not clearly establish Petitioner's location at the time the petition was filed or his current place of confinement, the Court directed Petitioner to provide additional information. Petitioner responded that he is now confined at the Jackson Parish Correctional Center, located in Jonesboro, Louisiana, within the Western District of Louisiana. Petitioner further represents that ICE removed him from the Tampa ERO field office and transported him to Louisiana on September 19, 2026, and that he was booked into the Jackson Parish Correctional Center either during the night of September 19 or early the following morning, although counsel does not know the precise timing.

Petitioner's notice also explains that counsel began preparing the petition after learning on September 19 that ICE intended to transfer Petitioner to Louisiana.

Counsel attempted to file the petition that day but encountered difficulties associated with scheduled PACER/CM/ECF maintenance. The petition was ultimately processed on September 20, 2026, at 4:24 a.m.

**Analysis**

A petition under § 2241 challenging present physical confinement is ordinarily directed to the petitioner's immediate custodian and brought in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 442-43 (2004). In such a case, the immediate custodian is generally the warden or other person exercising day-to-day physical control over the petitioner. *Id*. at 435.

The time of filing is significant. A petitioner's transfer after the proper filing of a habeas petition does not necessarily divest the original court of jurisdiction. *See id.* at 440-41 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)). But this principle presupposes that the original court acquired jurisdiction when the petition was filed. As the Supreme Court explained in *Padilla*, *Endo* did not assist a petitioner who had been transferred from the forum district before his habeas petition was filed because, unlike in *Endo*, the original district "never acquired jurisdiction" over the petition. *Id.* at 441.

Here, the supplemental notice establishes that Petitioner was removed from this District before the petition was filed. Consequently, the Court did not acquire jurisdiction over the petition. Although Petitioner argues the Court should nevertheless retain jurisdiction because ICE's rapid transfer rendered his precise location and immediate custodian unknown or practically unknowable while counsel was preparing and attempting to file the petition, the Court is not persuaded that the

circumstances presented here warrant departure from the ordinary immediate-custodian and district-of-confinement rules. Counsel knew before filing that ICE intended to transfer Petitioner to Louisiana. Counsel's difficulties completing the electronic filing do not alter the jurisdictional inquiry. The relevant inquiry under *Padilla* concerns the circumstances existing when the habeas petition was filed, not when counsel began preparing or attempting to file it. *See id.* The Court simply did not acquire jurisdiction under these facts.[1]

**Conclusion**

Petitioner is presently confined at the Jackson Parish Correctional Center in Jonesboro, Louisiana, within the Western District of Louisiana, Monroe Division. His immediate custodian is therefore located within that district. Because Petitioner was transferred from this District before the petition was filed, this Court is not the proper court to adjudicate his challenge to his present physical confinement.

---

[1] Even if the Court had initially acquired jurisdiction, however, the continued exercise of jurisdiction would not be proper here. Following a transfer, the original court may grant habeas relief only if a respondent within its territorial jurisdiction has legal authority to effectuate the petitioner's release. *Padilla,* 542 U.S. at 441; *Escalante v. Cerna*, No. CIV-26-1345-R, 2026 WL 2447153, at *1-2 (W.D. Okla. Aug. 20, 2026); *Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39, 44-46 (D. Mass. 2016). Consequently, although jurisdiction over a properly filed habeas petition may survive a subsequent transfer, the original court cannot grant effective habeas relief when the petitioner's current custodian is outside the court's territorial jurisdiction and no respondent remaining within the district has custody over or legal authority to release the petitioner. Given Petitioner's transfer to Louisiana, his current immediate custodian is outside this District, and nothing presently before the Court establishes that any respondent located within the Middle District of Florida retains custody over Petitioner or legal authority to effectuate his release from his present confinement in Louisiana. As such, this Court cannot provide the habeas relief Petitioner seeks. *See Padilla*, 542 U.S. at 441-43; *Escalante*, 2026 WL 2447153, at *1-2; *Gonzalez*, 152 F. Supp. 3d at 44-46.

Dismissal, however, is unnecessary. Under 28 U.S.C. § 1631, when a civil action is filed in a court that lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action to a court in which the action could have been brought at the time it was filed. Following transfer, the action proceeds as though it had been filed in the transferee court on the date it was originally filed. *See* 28 U.S.C. § 1631.

Petitioner alternatively requests transfer under § 1631 rather than dismissal. In light of the nature of Petitioner's habeas claims, his request for expedited relief, and § 1631's preservation of the original filing date, the Court finds that transfer rather than dismissal is in the interest of justice.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

1. Pursuant to 28 U.S.C. § 1631, the Clerk is directed to **TRANSFER** this case to the United States District Court for the Western District of Louisiana, Monroe Division.
2. Following transfer, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE